UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VINCIEN CURRIE**<br>1550 Madison Road, Apartment 9<br>Hermitage, Pennsylvania 45206<br><br>Individually and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>**JOY CONE CO.**<br>3435 Lamor Road<br>Hermitage, Pennsylvania 16148<br><br>　　　　　　　　Defendant. | Case No. 2:23-cv-00764-CCW<br><br>Judge Christy C. Wiegand |

## FINAL APPROVAL ORDER AND JUDGMENT

Before the Court is Plaintiff Vincien Currie's ("Plaintiff") Unopposed Motion for Final Approval of Class Action Settlement ("Motion for Final Approval").[1] ECF Nos. 46, 47. The Motion seeks approval of the Settlement as fair, reasonable, and adequate. Also before the Court is Plaintiff's Motion for Attorneys' Fees, Costs, and Expenses to Class Counsel, and Service Award to Plaintiff ("Motion for Attorneys' Fees"). ECF Nos. 44, 45.

Having reviewed and considered the Settlement Agreement (ECF No. 34-2), Motion for Final Approval, and Motion for Attorneys' Fees, and having conducted a Final Fairness Hearing, the Court makes the findings and grants the relief set forth below approving the settlement upon the terms and conditions set forth in this Order.

---

[1] All defined terms in this Order Granting Final Approval and Judgment of Class Action Settlement ("Final Approval Order and Judgment") have the same meaning as set forth in the Settlement Agreement, unless otherwise indicated.

**WHEREAS**, Plaintiff initiated this putative class action on May 9, 2023, alleging that, on or around February 27, 2023, Joy Cone experienced a data security incident that potentially exposed the personally identifiable information ("PII")—including the names and Social Security numbers—of Joy Cone's current and former employees. On behalf of the putative class, Plaintiff brought six claims for relief against Joy Cone based on the data security incident: (1) negligence; (2) negligence *per se*; (3) breach of confidence; (4) breach of implied contract; (5) unjust enrichment (6) publicity given to private life; and (7) declaratory judgment.

**WHEREAS**, Joy Cone has denied any liability or wrongdoing in connection with the aforementioned data security incident.

**WHEREAS**, in October 2023, the Parties engaged in good-faith mediation before Bruce A. Friedman, Esq. of JAMS and further arms' length negotiations, culminating in the Settlement Agreement.

**WHEREAS**, on June 25, 2024, the Court entered an Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") (ECF Nos. 42, 43) which, among other things: (a) conditionally certified this matter as a class action, including defining the class and class claims, (b) appointed Plaintiff as the Class Representatives and appointed Raina Borrelli of the law firm Strauss Borrelli PLLC as Class Counsel; (c) preliminarily approved the Settlement Agreement; (d) approved the form and manner of Notice to the Settlement Class; (d) set deadlines for opt-outs and objections; (e) approved and appointed the Claims Administrator; and (f) set the date for the Final Fairness Hearing;

**WHEREAS**, on July 25, 2024, pursuant to the Notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Settlement Class was notified of the terms of the proposed Settlement Agreement, of the right of Settlement Class Members to opt-out, and the right of Settlement Class Members to object to the Settlement Agreement

and to be heard at a Final Fairness Hearing;

**WHEREAS**, on December 5, 2024, the Court held a Final Approval Hearing to determine, *inter alia*: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release of the claims contemplated by the Settlement Agreement; and (2) whether judgment should be entered dismissing this action with prejudice. Prior to the Final Fairness Hearing, a declaration of compliance (ECF No. 48) with the provisions of the Settlement Agreement and Preliminary Approval Order relating to notice was filed with the Court as required by the Preliminary Approval Order. Therefore, the Court is satisfied that Settlement Class Members were properly notified of their right to appear at the Final Fairness Hearing in support of or in opposition to the proposed Settlement Agreement, the award of attorneys' fees, costs, and expenses to Class Counsel, and the payment of a Service Award to the Class Representative;

**WHEREAS**, the Court not being required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

**WHEREAS**, the Court being required under Federal Rule of Civil Procedure 23(e) to make the findings and conclusions hereinafter set forth for the limited purpose of determining whether the settlement should be approved as being fair, reasonable, adequate and in the best interests of the Settlement Class;

Having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order, having heard the presentation of Class Counsel and counsel for Defendant, having reviewed all of the submissions presented with respect to the

proposed Settlement Agreement, having determined that the Settlement Agreement is fair, adequate, and reasonable, having considered the application made by Settlement Class Counsel for attorneys' fees, costs, and expenses, and the application for a Service Award to the Representative Plaintiff, and having reviewed the materials in support thereof, and good cause appearing:

**IT IS ORDERED** that:

1. The Court has jurisdiction over the subject matter of this Lawsuit and over all claims raised therein and all Parties thereto, including the Settlement Class.

2. The settlement involves allegations in Plaintiff's Class Action Complaint against Defendant for failure to implement or maintain adequate data security measures and safeguards to protect PII, which Plaintiff allege directly and proximately caused injuries to Plaintiff and Settlement Class Members. Defendant denies these allegations.

3. The Settlement Agreement does not constitute an admission of liability by Defendant, and the Court expressly does not make any finding of liability or wrongdoing by Defendant.

4. Unless otherwise indicated, words spelled in this Order and Judgment Granting Final Approval and Judgment of Class Action Settlement ("Final Approval Order and Judgment") with initial capital letters have the same meaning as set forth in the Settlement Agreement.

5. The Court, having reviewed the terms of the Settlement Agreement submitted by the Parties pursuant to Federal Rule of Civil Procedure 23(e)(2), grants final approval of the Settlement Agreement and for purposes of the Settlement Agreement and this Final Approval Order and Judgment only, the Court hereby finally certifies the following Settlement Class:

> All Persons residing in the United States whose PII was compromised in the Joy Cone Data Security Incident that occurred on or around February 27, 2023.

Specifically excluded from the Settlement Class are:

> (i) Joy Cone; (ii) the Related Entities; (iii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iv) any judges assigned to this case and their staff and family; and (v) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the criminal activity occurrence of the Data Security Incident or who pleads nolo contendere to any such charge.

6. The Settlement Agreement was entered into in good faith following mediation and arm's length negotiations and is non-collusive. The Settlement Agreement is in the best interests of the Settlement Class and is therefore approved. The Court finds that the Parties faced significant risks, expenses, delays, and uncertainties, including as to the outcome, including on appeal, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the settlement reflected in the Settlement Agreement.

7. The Settlement Agreement provides, in part, and subject to a more detailed description of the settlement terms in the Settlement Agreement, for:

> a. Payments to Settlement Class Members who have submitted valid and timely claims of up to $4,500 in extraordinary losses (*e.g.*, fraudulent activity); up to $500 in ordinary losses, including up to $80 in lost time; additional relief in the form of two years of credit monitoring, including at least $1 million in identity theft protection insurance; or, in the alternative to the previously listed benefits, the option of a cash payment of $50 without the need for documented losses.

      b.      Claims Administration as outlined in the Settlement Agreement whereby Settlement Class Members submit claims for evaluation by a Claims Administrator and/or Claims Referee mutually agreed upon by Class Counsel and Defendant.

      c.      Defendant's agreement to pay all costs of Claims Administration, including the cost of the Claims Administrator, instituting Notice, processing and administering claims, and preparing and mailing checks.

      d.      Defendant's agreement to pay, subject to the approval and award of the Court, the reasonable attorneys' fees and expenses of Class Counsel and a Service Award to the Class Representative.

The Court readopts and incorporates herein by reference its preliminary conclusions as to the satisfaction of Federal Rule of Civil Procedure 23(a) and (b)(3) set forth in the Preliminary Approval Order and notes that because this certification of the Settlement Class is in connection with the Settlement Agreement rather than litigation, the Court need not address any issues of manageability that may be presented by certification of the class proposed in the Settlement Agreement.

      8.      The terms of the Settlement Agreement are fair, adequate, and reasonable and are hereby approved, adopted, and incorporated by the Court. Notice of the terms of the settlement, the rights of Settlement Class Members under the settlement, the Final Fairness Hearing, Plaintiff's application for attorneys' fees and expenses, and the Service Award payment to the Class Representative have been provided to Settlement Class Members as directed by this Court's Orders, and proof of Notice has been filed with the Court.

9.      The Court finds that the notice program, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class of the pendency of the Action, the certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and their right to object and to appear at the final approval hearing or to exclude themselves from the Settlement Agreement, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable law

10.     As of the Opt-Out deadline, two (2) potential Settlement Class Members have requested to be excluded from the settlement. Their names are set forth in Exhibit A to this Final Approval Order and Judgment. Those persons are not bound by the Settlement Agreement and this Final Approval Order and Judgment and shall not be entitled to any of the benefits afforded to the Settlement Class Members under the Settlement Agreement, as set forth in the Settlement Agreement.

11.     Zero (0) objections were filed by Settlement Class Members.

12.     All Settlement Class Members who have not objected to the Settlement Agreement in the manner provided in the Settlement Agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

13.     The Court has considered all the documents filed in support of the settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the Final Fairness Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

14. The Parties, their respective attorneys, and the Claims Administrator are hereby directed to consummate the settlement in accordance with this Final Approval Order and Judgment and the terms of the Settlement Agreement.

15. Pursuant to the Settlement Agreement, Defendant, the Claims Administrator, and Class Counsel shall implement the Settlement Agreement in the manner and timeframe as set forth therein.

16. Within the time period set forth in the Settlement Agreement, the relief provided for in the Settlement Agreement shall be made available to the various Settlement Class Members who have submitted valid and timely Claim Forms, pursuant to the terms and conditions of the Settlement Agreement.

17. Pursuant to and as further described in the Settlement Agreement, Plaintiff and the Settlement Class Members have released claims against the Released Persons as follows:

> any and all past, present, and future liabilities, rights, obligations, claims, counterclaims, actions, causes of action, demands, damages, penalties, costs, attorneys' fees, losses, and remedies, whether known or unknown, accrued or unaccrued, matured or not matured, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, including, but not limited to, negligence, negligence *per se*, breach of confidence, breach of fiduciary duty, breach of implied contract, unjust enrichment, invasion of privacy, publicity given to private life, any state or federal consumer protection statute, misrepresentation (whether fraudulent, negligent, or innocent), bailment, wantonness, failure to provide adequate notice pursuant to any breach notification statute, regulation, or common law duty, and any causes of action under 18 U.S.C. §§ 2701 et seq., and all similar statutes in effect in any states in the United States as defined herein, and including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys' fees, costs and expenses, set-offs, losses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, the appointment of a receiver, and any other form of relief that either has been asserted, or could have been asserted, or relate to the exposure of Private Information in the Data Security Incident, and conduct that was alleged or could have been alleged in the Lawsuit, including, without limitation, any claims, actions, causes of action, demands, damages, punitive or exemplary damages, penalties, losses, or remedies relating to, based

upon, resulting from, or arising out of the disclosure of Private Information, provided that nothing in this release is intended to, does or shall be deemed to release any claims not arising out of, based upon, resulting from, or related to the Data Security Incident.

18. As of the Effective Date, the Released Persons are deemed, by operation of the entry of the Final Approval Order and Judgment, to have fully released and forever discharged Plaintiff, the Settlement Class Members, Settlement Class Counsel, or any other counsel representing Plaintiff or Settlement Class Members, or any of them, of and from any claims arising out of the Lawsuit or the settlement. Any other claims or defenses Joy Cone or other Released Persons may have against Plaintiff, the Settlement Class Members, Settlement Class Counsel, or any other counsel representing Plaintiff or Settlement Class Members, including, without limitation, any claims based upon or arising out of any employment, debtor-creditor, contractual, or other business relationship that are not based upon or do not arise out of the institution, prosecution, assertion, settlement, or resolution of the Lawsuit or the Released Claims are not released, are specifically preserved and shall not be affected by the preceding sentence.

19. The Court grants final approval to the appointment of Plaintiff as Class Representative. The Court concludes that the Class Representative has fairly and adequately represented the Settlement Class and will continue to do so.

20. Pursuant to the Settlement Agreement, and in recognition of their efforts on behalf of the Settlement Class, the Court approves a payment to the Class Representative in the amount of $2,500 as a Service Award. Defendant shall make such payment in accordance with the terms of the Settlement Agreement.

21. The Court grants final approval to the appointment of Raina Borrelli of the law firm Strauss Borrelli PLLC as Class Counsel. The Court concludes that Class Counsel has adequately represented the Settlement Class and will continue to do so.

22. The Court, after careful review of the fee petition filed by Class Counsel, and after applying the appropriate standards required by relevant case law, hereby grants Class Counsel's application for an award of attorneys' fees in an amount not to exceed $100,000 and reasonable expenses for $9,676.49. Payment shall be made pursuant to the terms of the Settlement Agreement.

23. This Final Approval Order and Judgment and the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Defendant of any claim, any fact alleged in the Lawsuit, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Defendant's or of the validity or certifiability for litigation of any claims that have been, or could have been, asserted in the lawsuit. This Final Approval Order and Judgment, the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement shall not be offered or received or be admissible in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiff, any Settlement Class Member, or any other person has suffered any damage; provided, however, that the Settlement Agreement and this Final Approval Order and Judgment may be filed in any action by Defendant, Class Counsel, or Settlement Class Members seeking to enforce the Settlement Agreement or the Final Approval Order and Judgment (including, but not limited to, enforcing the releases contained herein). The Settlement Agreement and Final Approval Order and Judgment shall not be construed or admissible as an admission by Defendant that Plaintiff's claims or any similar claims are suitable for class treatment. The Settlement Agreement's terms shall be forever binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims and other prohibitions set forth in

this Final Approval Order and Judgment that are maintained by, or on behalf of, any Settlement Class Member or any other person subject to the provisions of this Final Approval Order and Judgment.

24.     If the Effective Date, as defined in the Settlement Agreement, does not occur for any reason, this Final Approval Order and Judgment and the Preliminary Approval Order shall be deemed vacated, and shall have no force and effect whatsoever; the Settlement Agreement shall be considered null and void; all of the Parties' obligations under the Settlement Agreement, the Preliminary Approval Order, and this Final Approval Order and Judgment and the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Lawsuit or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated *nunc pro tunc*, and the Parties shall be restored to their respective positions in the Lawsuit, as if the Parties never entered into the Settlement Agreement (without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue). In such event, the Parties will jointly request that all scheduled Lawsuit deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel. Further, in such event, Defendant will pay amounts already billed or incurred for costs of notice to the Settlement Class, and Claims Administration, and will not, at any time, seek recovery of same from any other Party to the Lawsuit or from counsel to any other Party to the Lawsuit. The Parties shall cooperate in good faith regarding the impact of any appellate ruling on the specific terms of the Settlement Agreement.

25.     Pursuant to the All Writs Act, 28 U.S.C. § 1651, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

26. Without affecting the finality of this Final Approval Order and Judgment, the Court will retain jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement Agreement for all purposes.

27. This Order resolves all claims against all Parties in this action, including the Settlement Class Members, and is a final order and judgement.

28. The matter is hereby dismissed with prejudice and without costs except as provided in the Settlement Agreement.

BY THE COURT:

Date: December 5, 2024

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

— **EXHIBIT A** —

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VINCIEN CURRIE**<br>1550 Madison Road, Apartment 9<br>Hermitage, Pennsylvania 45206<br><br>Individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>v.<br><br>**JOY CONE CO.**<br>3435 Lamor Road<br>Hermitage, Pennsylvania 16148<br><br>                    Defendant. | Case No. 2:23-cv-00764-CCW<br><br>Judge Christy C. Wiegand |

**EXCLUSION LIST**

The following Settlement Class Members timely excluded themselves from the Settlement.

1.    John Adam Johnson of Southaven, Mississippi

2.    Brandon Gordon Johnson of Southaven, Mississippi